```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
ORLANDO PRICE, et al.,                          :    CASE NO.  1:07-CV-1257
                                                :
            Plaintiffs,                         :
                                                :
vs.                                             :    OPINION & ORDER
                                                :    [Resolving Doc. No. 12]
EQUIFIRST CORPORATION, et al.,                  :
                                                :
            Defendants.                         :
                                                :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Opinion and Order, the Court decides whether to grant the motion of Defendant EquiFirst Corporation's ("EquiFirst") for leave to file *instanter* its Answer to the Complaint of Plaintiffs Orlando and Darlene Price, as complement to its previously-filed motion to dismiss. [Docs. 6, 12.] Plaintiffs do not oppose EquiFirst's motions to dismiss or for leave to file *instanter* its Answer.

For the reasons presented below, the Court **GRANTS** EquiFirst's motion to file an Answer *instanter*. The Court further **ORDERS** Plaintiffs to file a response to Defendant's motion to dismiss within fourteen days, after which the Court will consider the motion to dismiss as ripe for ruling.

**I.  Legal Analysis**

The Court may allow a party to file an untimely pleading provided that the party's failure to act resulted from "excusable neglect." FED. R. CIV. P. 6(b).

> "[E]xcusable neglect" . . . is a somewhat elastic concept . . . not limited strictly to
> omissions caused by circumstances beyond the control of movant.  Rather, it may

Case No. 1:07-CV-1257
Gwin, J.

> encompass delays "caused by inadvertence, mistake or carelessness," at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit.

*LoSacco v. City of Middletown*, 71 F.3d 88 (2d Cir. 1995) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 388, 392, 394-95 (1993)). *See also Nafziger v. McDermott Int'l Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (quoting *Pioneer*).

In reviewing the docket and EquiFirst's excuse for the late filing of its Answer, the Court finds that Defendant's delay results from their "excusable neglect" of not apprising themselves of this District's Local Rules, in addition to the requirements of the Federal Rules of Civil Procedure. While the Court does not encourage such inadvertence, it recognizes that EquiFirst did not pursue dilatory delay in bad faith, Defendant's excuse has "some merit," and allowing the filing does not prejudice Plaintiffs.

## II. Conclusion

For these reasons, the Court **GRANTS** EquiFirst's motion for leave to file *instanter* its Answer to Plaintiffs' Complaint. In addition, the Court **ORDERS** Plaintiffs to file a response to Defendant's motion to dismiss within fourteen days, after which the Court will consider the issues raised by EquiFirst in its motion to dismiss as ripe for ruling.

IT IS SO ORDERED.

Dated: June 26, 2007  s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE